**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **WB Supply LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **W-B Supply Co. Inc.**<br>**WBS, Inc.**<br>**WB Oilfield Supplies Inc.**<br>**WB Artificial Lift Inc.**<br>**W-B Supply Company**<br>**WBS Supply LLC**<br>**Highland Artificial Lift Systems, Ltd.**<br>**Permian Pump & Supply, Limited Partnership**<br>**Beck Oilfield Supply LLC**<br>**Beck Oilfield Supply, Incorporated** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **75-2352066** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**111 Naida Street**<br>**Pampa, TX 79065-6901**<br>Number, Street, City, State & ZIP Code<br><br>**Gray**<br>County | **Mailing address, if different from principal place of business**<br><br>**PO Box 2479**<br>**Pampa, TX 79066-2479**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **WB Supply LLC**   Case number (*if known*) _____
      Name

| | |
|---|---|
| **7.** **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   _4441_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

Debtor **WB Supply LLC**        Case number (*if known*) _____
    Name

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | _____ | Relationship | _____ |
| District | _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- [✓] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [✓] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

- [ ] No
- [ ] Yes. Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- [ ] Funds will be available for distribution to unsecured creditors.
- [✓] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- [ ] 1-49
- [ ] 50-99
- [ ] 100-199
- [✓] 200-999
- [ ] 1,000-5,000
- [ ] 5001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated Assets**

- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [✓] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

**16. Estimated liabilities**

- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [✓] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

Debtor  **WB Supply LLC**    Case number (*if known*) _____
       Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 20, 2021**
              MM / DD / YYYY

**X** */s/ Edward Hostmann*             **Edward Hostmann**
  Signature of authorized representative of debtor      Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

**X** */s/ Robert A. Weber*       Date **April 20, 2021**
  Signature of attorney for debtor            MM / DD / YYYY

**Robert A. Weber**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 295-0191**    Email address **weber@chipmanbrown.com**

**4013 DE**
Bar number and State

## OMNIBUS ACTION BY WRITTEN CONSENT

April 19, 2021

WHEREAS, on or about April 1, 2021, Edward Hostmann of EHI LLC, a division of KBF CPAs LLP, was engaged to act as the Chief Restructuring Officer ("CRO") for WB Supply LLC (the "**Company**");

WHEREAS, pursuant to the foregoing agreement and authority duly granted by its managing member, the CRO has been authorized to, among other things, decide, in his sole discretion, whether and when to commence a bankruptcy proceeding for the Company, and to execute a bankruptcy petition and any and all other documents necessary or appropriate on behalf of the Company in connection with any such proceeding;

WHEREAS, the CRO, in the exercise of such delegated authority, and having had the opportunity to consult with the Company's management, financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company, and having become familiar with the Company's facts and circumstances, and based upon his knowledge of the foregoing and review of all available alternatives and advice provided by such advisors and professionals, has determined that it is in the best interest of the Company, its stakeholders, and other parties in interest for the Company to take the actions specified in the following resolutions;

WHEREAS, the CRO has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the CRO, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its creditors, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**");

WHEREAS, the Company contemplates entering into that certain Senior Secured, Superpriority Debtor-in-Possession Credit Agreement (the "**DIP Agreement**") with Wells Fargo Bank, National Association, for itself, as a Lender and Swingline Lender and as Agent for all Lenders, to provide necessary liquidity during the Chapter 11 Case;

WHEREAS, based upon the foregoing, in the judgment of the CRO, it is desirable and in the best interests of the Company, its creditors, equity holders, employees, and other interested parties that the Company enter into the DIP Agreement, substantially in the form and substance presented to the CRO, and pursue the transactions contemplated

thereby, subject to such changes and alterations based on the reasonable business judgment of the CRO.

**NOW, THEREFORE, BE IT HEREBY**:

*Chapter 11 Case*

**RESOLVED**, that in the judgment of the CRO, it is desirable and in the best interests of the Company, its creditors, employees, stakeholders, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that the CRO and any officer duly authorized by the Company, through the CRO (collectively, the "**Authorized Officers**") are, and each of them hereby is, authorized, directed, and empowered on behalf of the Company to execute and verify a Petition in the name of the Company under the Bankruptcy Code and to cause the same to be filed, in such form and at such time as the Authorized Officers shall determine; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, with full authority to act without others, hereby are, authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Officers, including under the DIP Agreement; and to enter into any guarantees and to pledge and grant liens on the Company's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to certify the authenticity of these resolutions.

*Retention of Professionals*

**IT IS FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including,

without limitation, Chipman, Brown, Cicero & Cole, LLP, to act as chapter 11 counsel; EHI LLC, a division of KBF CPAs LLP, to provide the CRO and such additional personnel as may be necessary to assist in the performance of his duties and obligations; Great American Global Partners, LLC, to assist in the orderly liquidation of the Company's property; and Bankruptcy Management Solutions, Inc., d/b/a Stretto, to act as claims and noticing agent and administrative advisor; and in connection herewith each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

### *General Authority to Implement Resolutions*

**IT IS FURTHER RESOLVED,** that each Authorized Officer is hereby authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Officer, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Officer deems necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company), with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Officer may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses as in the judgment of the CRO shall be necessary, proper, appropriate, desirable, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by the Authorized Officers to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by the Authorized Officers, or by any employees or agents of the Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Member; and it is further

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings,

or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the CRO to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the authority conferred upon the Authorized Officers by these Resolutions is in addition to, and shall in no way limit, such other authority as each may have with respect to the subject matter of the foregoing resolutions, and that the omission from these Resolutions of any agreement or other arrangement contemplated by any of the agreements, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of such persons to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

**RESOLVED**, that sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Limited Liability Company Agreement of the Company, has been provided or is hereby waived; and it is further

**RESOLVED**, that the Authorized Officers (and any of their respective designees and delegates) be and hereby are authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager (or similar role), as applicable, as any Authorized Officer shall deem necessary proper, appropriate, desirable, or advisable to effectuate the purposes of the transactions contemplated herein, including without limitation the granting of liens in respect of any financing transactions contemplated herein; and it is further

**RESOLVED**, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken by an Authorized Officer on behalf of the Company, such actions are hereby ratified and confirmed in their entirety; and it is further

**RESOLVED**, that the Secretary of the Company, or any Authorized Officer, is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Secretary or Authorized Officer, a true copy of the foregoing resolutions.

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**WB SUPPLY LLC**

By: _____
Name: Edward Hostmann
Title:  Chief Restructuring Officer

[SCHEDULE A TO OMNIBUS ACTION BY WRITTEN CONSENT]

**Fill in this information to identify the case:**

Debtor name __WB Supply LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__ (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HESS FAMILY LTD. PARTNERSHIP<br>PO DRAWER 2479<br>PAMPA, TX 79066 | P: 806-669-1103<br>rhess@wbsupply.com | Loan plus accrued interest | | | | $11,385,345.00 |
| 2 | BECK RESOURCES<br>PO BOX 175<br>HENNESSEY, OK 73742 | P: 405-853-2736<br>terryb@beckresources.onmicrosoft.com | Loan plus accrued interest | | | | $3,673,492.00 |
| 3 | BDM INC ET AL (PERMIAN PUMP)<br>4105 ANGELINA<br>MIDLAND, TX 79707 | P: 432-362-0366<br>bill@gwfpc.com | Loan plus accrued interest | | | | $3,371,050.42 |
| 4 | HAPPY STATE BANK<br>1125 NORTH HOBART STREETt<br>PAMPA, TX 79065 | P: 806-669-2265<br>kwest@happybank.com | PPP Loan | Contingent | | | $3,038,727.00 |
| 5 | NEW MEXICO TAXATION AND REVENUE DEPARTMENT<br>PO BOX 25128<br>SANTA FE, NM 87504-5128 | P: 505-827-0832<br>TRD-CRSHelpDesk@state.nm.us | Unpaid Sales Taxes | | | | $706,842.04 |
| 6 | BALON CORP<br>3245 S HATTIE<br>OKLAHOMA CITY, OK 73129 | P: 405-677-3321<br>gafful@balon.com | Product/Purchase AP | | | | $671,037.25 |
| 7 | ANVIL INTERNATIONAL<br>26009 NETWORK PLACE<br>CHICAGO, IL 60673-1260 | P: 708-534-1414<br>amendoza@anvilintl.com | Product/Purchase AP | | | | $637,936.63 |
| 8 | THYSSENKRUPP MATERIALS NA<br>2700 POST OAK BLVD<br>HOUSTON, TX 77056 | P: 713-626-2900<br>amy.clepper@thyssenkrupp.com | Product/Purchase AP | | | | $351,775.17 |

Debtor **WB Supply LLC**
Name

Case number (*if known*)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 **TEXAS PIPE & SUPPLY CO** 2330 HOLMES ROAD HOUSTON, TX 77051-1098 | P: 713-799-9235 courtneyr@texaspipe.com | Product/Purchase AP | | | | $289,171.92 |
| 10 **WOODWARD STEEL COMPANY** PO BOX 1272 WOODWARD, OK 73802 | P: 580-256-2253 keitha@woodwardsteel.com | Product/Purchase AP | | | | $287,480.65 |
| 11 **SECOR** PO BOX 670770 DALLAS, TX 75267-0770 | P: 281-556-1661 k.sandlin@secoronline.com | Product/Purchase AP | | | | $284,017.40 |
| 12 **US ROD MANUFACTURING, LLC** PO BOX 152 NAPPANEE, IN 46550 | P: 405-315-8760 kgerdts@usrodco.com | Product/Purchase AP | | | | $280,225.59 |
| 13 **CONSOLIDATED PIPE & SUPPLY CO., INC** 1205 HILLTOP PARKWAY BIRMINGHAM, AL 35204 | P: 281-558-4413 payables@cpspipe.com | Product/Purchase AP | | | | $246,517.92 |
| 14 **COLORADO DEPARTMENT OF REVENUE** TAXATION DIVISION 1375 SHERMAN ST. DENVER, CO 80203 | P: 303-238-7378 DOR_Taxpayerservice@state.co.us | Unpaid Sales Taxes | | | | $246,181.61 |
| 15 **MAYCO INC** P.O. BOX 94070 OKLAHOMA CITY, OK 73143 | P: 405-677-5969 LISACHONG@MAYCO-USA.COM | Product/Purchase AP | | | | $243,723.83 |
| 16 **PETROLEUM PIPE AMERICAS INTERNAT'L CORP** 1800 WEST LOOP SOUTH, SUITE 1755 HOUSTON, TX 77027 | P: 713-877-0903 carol@petroleum-pipe.com | Product/Purchase AP | | | | $223,628.86 |
| 17 **MAKENA SALES CO,INC.** PO BOX 9197 WICHITA FALLS, TX 76308 | P: 940-766-4064 doug@makenasalesco.com | Product/Purchase AP | | | | $198,661.15 |
| 18 **MCCARTY EQUIPMENT** PO BOX 841388 DALLAS, TX 75284-1388 | P: 713-222-2231 becky@mccartyequipment.com | Product/Purchase AP | | | | $194,492.83 |
| 19 **TRIANGLE METALS** PO BOX 820 BIXBY, OK 74008 | P: 800-495-1390 kortney@trianglemetal.com | Product/Purchase AP | | | | $193,120.24 |
| 20 **DIXIE PIPE SALES, INC** HOU1111 PO BOX 650998 DALLAS, TX 75365-0998 | P: 713-796-2021 therrell@dixiepipe.com | Product/Purchase AP | | | | $192,226.88 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WB SUPPLY LLC, <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 21-xxxxx (xxx) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, WB Supply LLC hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Basin WB Supply LLC <br> 200 Park Avenue, Suite 5800 <br> New York, NY 10166 | Class A-1 | 100% |
| Steve Bolen <br> 10314 Deep Spring Lane <br> Houston, TX 77043 | Class C-1 | 20.3895% |
| Tom Dworsky <br> 414 Mantel Ct. <br> Midland, TX 79706 | Class C-1 | 13.5166% |
| Stephen Kemp <br> 1920 17th St., #420 <br> Denver, CO 80202 | Class C-1 | 13.7457% |
| Kelly Kesler <br> 25030 187th St. <br> Purcell, OK 73080 | Class C-1 | 12.0275% |
| Alfred Sharpton <br> 3202 S. Birch <br> Perryton, TX 79070 | Class C-1 | 14.8912% |
| Anita Swart <br> P.O. Box 98 <br> Miami, TX 79059 | Class C-1 | 14.2039% |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: WB Supply LLC (2066).  The address of the Debtor's corporate headquarters is: 111 Naida Street, Pampa, Texas 79065-6901.

| NAME AND ADDRESS OF INTEREST HOLDER | KIND/CLASS OF INTEREST | PERCENTAGE OF INTERESTS HELD |
|---|---|---|
| Kent Wolf<br>1929 79th Ave.<br>Greeley, CO 80634 | Class C-1 | 11.2257% |
| Mark Bailey<br>517 Red Deer<br>Pampa, TX 79065 | Class C-2 | 2.3660% |
| Steve Bolen<br>10314 Deep Spring Lane<br>Houston, TX 77043 | Class C-2 | 6.1587% |
| Amy Czarnikow<br>9416 Cromwell Terrace<br>Odessa, TX 79764 | Class C-2 | 2.9576% |
| Tom Dworsky<br>414 Mantel Ct.<br>Midland, TX 79706 | Class C-2 | 5.0800% |
| Joni Evans<br>P.O. Box 1496<br>Wellington, CO 80549 | Class C-2 | 2.1573% |
| Renae Hotz<br>5429 S. Kearny<br>Greenwood Village, CO 80111 | Class C-2 | 53.8274% |
| Stephen Kemp<br>1920 17th St., #420<br>Denver, CO 80202 | Class C-2 | 4.2102% |
| Kelly Kesler<br>25030 187th St.<br>Purcell, OK 73080 | Class C-2 | 3.8274% |
| Alfred Sharpton<br>3202 S. Birch<br>Perryton, TX 79070 | Class C-2 | 4.4189% |
| Anita Swart<br>P.O. Box 98<br>Miami, TX 79059 | Class C-2 | 4.2797% |
| Karl Vetter<br>170 Muscovey Lane<br>Johnstown, CO 80534 | Class C-2 | 7.4113% |
| Kent Wolf<br>1929 79th Ave.<br>Greeley, CO 80634 | Class C-2 | 3.3055% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| WB SUPPLY LLC, | Case No. 21-xxxxx (xxx) |
| Debtor.[1] | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rule of Bankruptcy Procedure, the following are corporation(s), other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| Basin WB Supply LLC | 96.3883% |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its tax identification number, is as follows: WB Supply LLC (2066). The address of the Debtor's corporate headquarters is: 111 Naida Street, Pampa, Texas 79065-6901.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **WB Supply LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **List of Equity Security Holders; Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 20, 2021**      X */s/ Edward Hostmann*
                                       Signature of individual signing on behalf of debtor

                                       **Edward Hostmann**
                                       Printed name

                                       **Chief Restructuring Officer**
                                       Position or relationship to debtor